Curia per

O’Neall, J.
The motion for a new trial in this case, has been at rest altogether upon the 3d ground. As to which, it may be remarked, that the defence of the defendant arose altogether from a matter of which he could only avail himself by discount. For the plaintiffs proved their title to demand their freight, $32 49, by showing a delivery of all the *articles shipped on board the steamer, except two buckets. For the value of these, and the injury done to sixteen others, in their travel to Union and back again, the defendant was entitled to compensation. This was clearly a cross demand by way of discount, Ewart vs. Kerr, (Rice’s Rep. 205.). Where the plaintiff’s demand is reduced by a discount, to a sum below a magistrate’s jurisdiction, the practice has been uniform, to give a decree of such balance. It is clearly distinguishable from the case where the demand is reduced by payments. There, the plaintiff has no right to demand more than the balance left after deducting the payments. But where, as in this case, the defence arises from matter which may, or may not be applied to the reduction of the plaintiff’s demand, and which, therefore, can only be insisted on by way of discount, it does not have the effect of sending the plaintiff to an inferior jurisdiction, if his demand should be thereby reduced to a sum of which a magistrate has cognizance.
The case of Smith vs. McMasters, (3 McC. 288,) is an illustration of the rule. The plaintiff there sued for $48, the defendant pleaded a discount, the plaintiff had a decree for 15 cents. It was held that the plaintiff was entitled to tax process costs against the defendant.
The motion is dismissed.
The whole Court concurred.